UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WALTER L. WYATT,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF RICHLAND POLICE DEPARTMENT & OFFICERS D. CLARK, C. SMITH, J. TAYLOR, BENTON COUNTY JUSTICE CENTER & MEDICAL STAFF,<br><br>              Defendants. | NO. CV-05-5013-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY, GRANTING BENTON COUNTY'S MOTION TO DISMISS AMENDED COMPLAINT AND HOLDING IN ABEYANCE PLAINTIFF'S MOTION TO ADD DEFENDANTS NAMES TO CAPTION OF THIS CASE** |

    BEFORE THE COURT, without oral argument, are Defendants City of Richland Police Department and Officers D. Clark, C. Smith, and J. Taylor's Motions to Compel Discovery (Ct. Rec. 17, 23, & 27), Benton County's Motion to Dismiss Amended Complaint (Ct. Rec. 19), and Plaintiff's Motion to Add Defendants Names to the Caption of this Case (Ct. Rec. 31). After reviewing the submitted material and relevant statutes, rules, and case law, the Court is fully informed. For the reasons given below, the Court grants in part and denies in part the motion to compel, grants the dismissal motion, and holds in abeyance Plaintiff's motion.

///

///

ORDER * 1

**A.   Defendants' Discovery Motions**[1]

Defendants City of Richland Police Department and Officers D. Clark, C. Smith, and J. Taylor ask the Court to order Plaintiff to fully respond to Interrogatories and Requests for Production which were sent to Plaintiff on June 22, 2005, specifically asking the Court to order Plaintiff to supplement his response to Interrogatory Nos. 8, 11, and 18 and Request for Production No. 6.  Plaintiff opposes the motion, contending the requested information is not in his possession and/or is irrelevant.

///

---

[1] Defendants initially filed a Motion to Compel Discovery (Ct. Rec. 17) on September 22, 2005, asking the Court to require Plaintiff to respond to interrogatories and requests for production that were served on Plaintiff. Thereafter, Plaintiff provided answers to the interrogatories and requests for Production. Following, Defendants revised their motion to compel (Ct. Rec. 23), requesting the Court to order Plaintiff to fully answer Interrogatory Nos. 8, 11, and 17 and Requests for Production Nos. 2 and 6.  Plaintiff filed an opposition to this motion, which, in pertinent part, clarified Plaintiff is not seeking lost wages. As a result of Plaintiff's statement that he is not seeking lost wages, Defendants filed a Second Amended Motion to Compel (Ct. Rec. 27) withdrawing its Request for Production No. 2, which sought a copy of Plaintiff's income tax returns.  Accordingly, the Second Amended Motion to Compel is the motion Defendants ask the Court to act upon; therefore, the Court denies as moot the previous two motions.

ORDER * 2

Interrogatory No. 8 requests Plaintiff to:

> list all diseases, handicaps, illness, or ailments suffered by you. For each condition, indicate the dates you have suffered from the condition, the cause of the condition, the medications taken for the condition, other treatment for the condition, the physicians who diagnosed the condition, and the physicians who treated the condition.

In response, Plaintiff answered, "I emailed my medical records to you." Defendants contend the response is insufficient given that this response does not guarantee that Defendants have all of the medical records and the medical records do not address all of the questions raised in Interrogatory No. 8. The Court finds the information requested in Interrogatory No. 8 relevant given the nature of Plaintiff's claims. See *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 460 (S.D. Iowa 1996). Plaintiff needs to ensure the medical records provided to Defendants provide Defendants with the information requested by Interrogatory No. 8, and, to the extent the information needs supplementing, Plaintiff shall obtain and submit, no later than December 12, 2005, the necessary release forms to his medical providers in order to have such information provided to defense counsel. Plaintiff must then fully answer Interrogatory No. 8 by December 30, 2005. Defendants' motion is granted in part.

Interrogatory No. 11 asks Plaintiff "[f]or each crime for which you have been charged, provide the following: the date of the charge, the nature of the charge, the court in which the charge was filed, and the disposition of the charge." Plaintiff contends such information is irrelevant. Plaintiff is correct in part. Under Federal Rule of Evidence 609, a witness can be impeached based on a prior *conviction*, not simply a charge. Interrogatory No. 11 is too broad; Plaintiff must

ORDER ~ 3

provide the information requested in Interrogatory No. 11 as to prior *convictions*; but need not provide such information for charges for which a conviction was not obtained. *See Schuurman v. Town of North Reading*, 139 F.R.D. 276, 277 (D. Mass. 1991). Plaintiff shall provide the conviction-related information by December 30, 2005. Defendants' motion is granted in part and denied in part.

Through Interrogatory No. 17, Defendants ask Plaintiff to disclose "[w]hat mental health counseling you have received during the last ten years. . . [P]lease indicate the nature of the counseling, the date of the counseling, and the name, address and phone number of all counselors." Plaintiff opposes this discovery request, maintaining it seeks confidential information. The Court acknowledges that such information is typically confidential. However, through this lawsuit, Plaintiff appears to claim the conduct of Defendants caused him emotional distress. If Plaintiff is claiming emotional distress damages, Defendants are allowed to discover what mental health counseling Plaintiff received during the last ten years in order to defend Plaintiff's damages claim. *See Gatewood*, 170 F.R.D. at 460; *Tramm v. Porter Mem'l Hosp.*, 128 F.R.D. 666, 668 (N.D. Ind. 1989). Similarly, Plaintiff would then be required to answer Request for Production No. 6, which seeks copies of Plaintiff's mental health counseling records. By December 12, 2005, Plaintiff would need to complete and submit the proper release forms to any mental health counselor Plaintiff visited during the last ten years in order to provide a copy of such materials to defense counsel. *If Plaintiff is not* seeking emotional distress damages, Plaintiff may specify such in response to Interrogatory No. 17 and

ORDER * 4

Request for Production No. 6, and need not provide the requested information. Regardless of the substance of Plaintiff's answer, Plaintiff must answer Interrogatory No. 17 by December 30, 2005.

As set forth above, the Court grants in part and denies in part Defendants' motion. To reiterate, Plaintiff must complete and submit the necessary medical, and mental (if claiming emotional distress damages), release forms by December 12, 2005. Plaintiff must make a copy of the completed release form(s) prior to submitting to the medical or mental facility and provide such copy to defense counsel by December 12, 2005. Plaintiff shall have the medical and mental health providers send the records directly to defense counsel; Plaintiff may wish to have a copy of the records sent to himself as well. After Plaintiff reviews his copy of the records, Plaintiff must serve defense counsel with the fully answered Interrogatories no later than December 30, 2005.

**B.  Defendant Benton County's Motion to Dismiss Amended Complaint & Plaintiff's Motion to Add Defendants Names to the Caption of this Case**

Benton County seeks dismissal under a variety of theories; the Court need not analyze the merits of Benton County's motion because Plaintiff agreed to dismiss Benton County. Accordingly, due to Plaintiff's lack of opposition, the Court grants Benton County's motion.

Through his own motion, Plaintiff asks the Court to allow him to add the following individuals/entities to his complaint: Captain John Hodge, Lieutenant Robert Guerrero, Sargent Paul Frazier, Inmate Health Services, Dr. Adrian Heap, Registered Nurse Colleen Gutman, Inmate Health Services staff, and Registered Nurse Kimmie Last Name Unknown ("LNU"). The Court notes on March 2, 2005, it previously warned Mr. Wyatt that he must

ORDER * 5

identify the specific individuals he alleges are responsible for violating the Eighth Amendment. (Ct. Rec. 6.) Thereafter, Plaintiff filed an Amended Complaint (Ct. Rec. 7), which again failed to identify specific individuals in connection with the Eighth Amendment claim. However, the Court determined it was appropriate to give Plaintiff an opportunity to conduct discovery in order to determine these individual(s)' names and warned Plaintiff that if he wished to maintain an Eighth Amendment cause of action he had to amend the complaint to add the specific individuals. (Ct. Rec. 8.) Plaintiff now so moves. Given that Plaintiff has had the opportunity to engage in discovery since June 16, 2005, the Court finds a deadline of December 9, 2005, for Plaintiff to file a Second Amended Complaint is sufficient. This Second Amended Complaint shall be complete and comply with the Local Rules and Federal Rule of Civil Procedure 8, including a short and plain statement of the claim(s) showing Plaintiff is entitled to relief against the listed Defendants under an identifiable legal theory. The Court directs Plaintiff to the March 2, 2005, Order for guidance as to what the legal elements of an Eighth Amendment cause of action are. The Court will then screen the Second Amended Complaint to determine if it should be served.

For the reasons given above, **IT IS HEREBY ORDERED**:

1. Defendants City of Richland Police Department and Officers D. Clark, C. Smith, and J. Taylor's Second Revised Motion to Compel Discovery **(Ct. Rec. 27)** is **GRANTED IN PART** (Interrogatory Nos. 8, 11 (convictions) & 17 and Request for Production No. 6) **AND DENIED IN PART** (Interrogatory No. 11 (charges which did result in a conviction)). Defendants' previously filed Motion to Compel Discovery **(Ct. Rec. 17)** and

ORDER * 6

Amended Motion to Compel Discovery **(Ct. Rec. 23)** are **DENIED AS MOOT. As specified above, Plaintiff shall have the necessary release forms submitted to the provider by December 12, 2005; and fully answer the discovery requests by December 30, 2005.**

2. Benton County's Motion to Dismiss Amended Complaint **(Ct. Rec. 19)** is **GRANTED**. Benton County is hereby **DISMISSED** as a Defendant.

3. Plaintiffs' Motion to Add Defendants Names to the Caption of this Case **(Ct. Rec. 31)** is **HELD IN ABEYANCE IN PART (Plaintiff shall file a Second Amended Complaint no later than December 19, 2005, which the Court will screen).** Plaintiff's motion will be heard, without oral argument, on December 30, 2005.

**IT IS SO ORDERED.** The District Court Executive is directed to:

(A) Enter this Order;

(B) Provide a copy of the Order to counsel and Plaintiff.

**DATED** this  22nd   day of November, 2005.

```
                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge
```

Q:\Civil\2005\5013.dismiss.compel.wpd

ORDER * 7